```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      For Online Publication Only
SHAHNEWAZ QURASHI and NAHID A. QURASHI,

                        Plaintiffs,

        -against-                                                    **ORDER**
                                                                     16-CV-3093 (JMA) (AYS)

OCWEN LOAN SERVICING, MERSCORP                                       **FILED**
HOLDINGS INC. FKA MERS/MORTGAGE                                      **CLERK**
ELECTRONIC REGISTRATION SYSTEMS, and
SENECA MORTGAGE SERVICING,                                           3/20/2018 3:24 pm

                                                                     **U.S. DISTRICT COURT**
                        Defendants.                                  **EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X      **LONG ISLAND OFFICE**
```

**AZRACK, United States District Judge:**

Before the Court are objections filed by pro se plaintiff Shahnewaz Qurashi to Magistrate Judge Shields' February 12, 2018 Report and Recommendation ("R&R").

Plaintiffs Shahnewaz Qurashi ("Qurashi") and Nahid A. Qurashi (collectively, "Plaintiffs") initiated this action on June 14, 2016 against defendants Ocwen Loan Servicing, LLC ("Ocwen") and MERSCORP Holdings, Inc. ("MERS") (collectively, "Defendants"). Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, in connection with a mortgage on Plaintiffs' property. Broadly construed, Plaintiffs' complaint essentially alleges that Defendants failed to validate a debt request, and that the assignment of the mortgage is invalid.

On October 20, 2016, Defendants filed a motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court referred the motion to Magistrate Judge Shields for report and recommendation. In the R&R, Judge Shields recommends that Defendants' motion to dismiss be granted.

Specifically, Judge Shields found Plaintiffs' complaint to be devoid of factual allegations

1

necessary to state the elements of a plausible FDCPA claim, the only federal cause of action identifiable in the complaint. For example, Judge Shields concluded that Plaintiffs do not adequately allege how Defendants qualify as debt collectors for the purpose of the FDCPA, nor how the alleged failure or refusal to answer a validation request amounts to a violation of the FDCPA. (R&R at 7.) Further, Judge Shields concluded that Plaintiffs' reference to an invalid assignment of the mortgage and the apparent impropriety of Ocwen having brought a foreclosure action in state court was not entirely discernable, nor did it appear to state an FDCPA claim. (R&R at 8.) Judge Shields also determined that given the absence of a federal law claim, the interests of judicial economy, convenience, fairness and comity weigh in favor of not exercising supplemental jurisdiction over any potential state-law claims contained in Plaintiffs' complaint. (R&R at 8.) In addition, Judge Shields found that granting leave to amend the complaint would be inappropriate, as repleading would be futile and therefore recommends that the Court decline to grant Plaintiffs leave to amend their Complaint. (R&R at 9.)

Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court.

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II. DISCUSSION

Qurashi's objections to the R&R are rambling, often incomprehensible, and mostly do not address the holding of the R&R. For example, Qurashi appears to argue that the Court should award default judgment in favor of Plaintiffs, that Defendants do not have subject matter jurisdiction, and that Defendants are in violation of New York Real Property Law. The Court does not find that any of these arguments, even liberally construed, establish viable FDCPA claims. Additionally, in attempting to argue that the Magistrate Judge erred in granting Defendants' motion to dismiss, Qurashi argues:

> That Plaintiff stated a claim against Ocwen also MERS, and stated clearly what and who did the wrongdoings. The court agrees is in error of the facts.
> Defendants used the mail with a bill (1) and for Plaintiff to make payments under duress is a violation of the FDCPA, defendants wanted Plaintiff to be a consumer. (2) Ocwen stated to be a servicer – that is a debt collector. (3) Defendant never stated who is the [ORIGINAL] lender with a letter stating [PROMISE TO LEND] this is a violation of FDCPA clearly.
> Plaintiff's complaint is not devoid of factual allegations because it was clearly stated MERS did not exist to transact anything with legal or lawful proof. The Servicer Ocwen also MERS has dirty hands also dirty paperwork and should not suffice in a court of law.

(Obj. at 7.)

None of Qurashi's arguments are sufficient to plausibly allege the elements of an FDCPA claim. Qurashi does not explain how Defendants used duress in sending him a bill, how Ocwen qualifies as a debt collector, or how the alleged omissions from the "letter" amounts to a violation of the FDCPA. Furthermore, the bulk of Qurashi's objections and allegations are incomprehensible and conclusory. (See, e.g., Obj. at 7 ("Defendant never stated who is the [ORIGINAL] lender with a letter stating [PROMISE TO LEND] this is a violation of FDCPA clearly."))

To the extent that Qurashi has raised any additional factual allegations in the objections,

those allegations are insufficient to state a claim and, thus, any amendment would be futile.[1]

Because Plaintiffs have not offered any other specific objections to the R&R, the Court reviews the remainder of the R&R for clear error.[2] Finding no such error, the Court overrules plaintiff Qurashi's objection and adopts the R&R in its entirety.

Accordingly, the Court grants Defendants' motion to dismiss and dismisses all federal claims brought by Plaintiffs with prejudice. The Court declines to exercise supplemental jurisdiction over any potential state law claims and dismisses any such claims without prejudice.

The Clerk of the Court is respectfully requested to mail a copy of this order to the pro se Plaintiffs.

**SO ORDERED.**

Dated: March 20, 2018
Central Islip, New York

                                                     /s/  (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE

---

[1] The R&R recommends denying Qurashi leave to amend. Qurashi does not object to this recommendation. In fact, Qurashi affirmatively states that he "never asked for leave to amend" and "no leave is needed." (Obj. at 8–9.) This is further reason not to allow Qurashi to amend the complaint.

[2] Even if Qurashi's objections were sufficient to invoke de novo review of the entirely of the R&R, the Court would grant Defendants' motion to dismiss under de novo review.